E-FILED
Tuesday, 26 June, 2018 04:23:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ERIC GILLIAM, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 17-cv-1183-JES |

## ORDER AND OPINION

Now before the Court is Petitioner Gilliam's Motion (Doc. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and Respondent United States' Motion (Doc. 4) to Dismiss. For the reasons set forth below, Petitioner's Motion (Doc. 1) is DENIED, Respondent's Motion (Doc. 4) is GRANTED, and the Court declines to issue a Certificate of Appealability.

### BACKGROUND[1]

James Gilliam was charged on March 21, 2012 in an Indictment alleging that Gilliam conspired to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), and 846. R. 2. On August 16, 2013, Gilliam entered into a plea agreement with the United States whereby Gilliam agreed to, *inter alia*, waive his right to collaterally attack his conviction and sentence in exchange for a plea of guilty to the lesser included offense of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. R. 146.

---

[1] Citations to documents filed in this case are styled as "Doc. __." Citations to the record in the underlying criminal case, *United States v. Redwood et al.*, No. 4:12-cr-40020-JES-JEH-4 (C.D. Ill.), are styled as "R.__."

1

At the sentencing hearing, Gilliam's counsel objected to the application of the Career Offender enhancement in general terms, but did not object to any specific prior conviction used to support the Career Offender designation. The probation officer's presentence report ("PSR") based the Career Offender designation on at least two prior felony convictions for controlled substance offenses in Cook County, Illinois. R. 183, at ¶ 73. The Court agreed that Gilliam qualified as a Career Offender under U.S.S.G. § 4B1.1, resulting in a guideline range of 188 to 235 months of imprisonment. R. 249. However, in April 2014 the Court varied downward from the guideline range and sentenced Gilliam to 120 months of imprisonment. R. 216. Gilliam then filed an appeal and multiple collateral attacks, all of which were unsuccessful.

On April 28, 2017, Gilliam filed the instant Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. Therein, Gilliam argues that his Career Offender designation is invalid under *United States v. Hinkle*, No. 15-10067 (5th Cir. 2016), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). The United States filed a Motion to Dismiss, raising objections to Gilliam's Petition on multiple procedural and substantive grounds. Doc. 4. This Order follows.

## LEGAL STANDARD

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d

693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

## Discussion

The claims in Gilliam's Petition suffer from numerous procedural and substantive defects, but the Court will limit its analysis to just one: Gilliam cannot challenge his Career Offender designation in a collateral proceeding. Two decisions from the Seventh Circuit, *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (*Hawkins I*), and *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013) (*Hawkins II*), preclude relief for Petitioner Gilliam because together they hold a petitioner may not seek on collateral review to revisit the district court's calculation of his advisory guidelines range. The Court is bound by the *Hawkins* decisions. Given the interest in finality of criminal proceedings, in *Hawkins I* the Seventh Circuit held an erroneous interpretation of the guidelines should not be corrigible in a postconviction proceeding so long as the sentence actually imposed was not greater than the statutory maximum. *Hawkins I*, 706 F.3d at 823–25. It specifically distinguished the advisory guidelines from the mandatory

3

system in place at the time of *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) (holding Narvaez's improper sentence under the mandatory guidelines constituted a miscarriage of justice).

Hawkins moved for rehearing in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013), in which the Supreme Court held the Guidelines were subject to constitutional challenges "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh*, 133 S. Ct. at 2082. The Seventh Circuit denied rehearing because *Peugh* was a constitutional case whereas *Hawkins I* involved a miscalculated guidelines range, the legal standard in *Peugh* was lower than for postconviction relief, and *Peugh's* retroactivity was uncertain. *Hawkins II*, 724 F.3d at 916–18 ("[I]t doesn't follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly."). Because Gilliam's only challenge in his Motion is to the district court's calculation of his advisory guideline range (i.e., the Career Offender designation), his claim is not cognizable on collateral review and must therefore be denied.

### CERTIFICATE OF APPEALABILITY

Where a federal court enters a final order adverse to the petitioner, "the district court must issue or deny a certificate of appealability." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. To obtain a certificate, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a petition on procedural grounds, in order to obtain a certificate, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 478. Because no reasonable jurist could debate that Gilliam's claims are squarely foreclosed by circuit precedent, the Court declines to issue Gilliam a Certificate of Appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion (Doc. 1) is DENIED, Respondent's Motion (Doc. 4) is GRANTED, and the Court declines to issue a Certificate of Appealability.

This matter is now terminated.

Signed on this 26th day of June, 2018.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge